## JAMES POWELL *v.* THE STATE.

THEFT — EVIDENCE — CONSENT.— It was in proof that the defendant, when found in possession of the stolen property, claimed possession by virtue of the consent of the owners' agent. *Held*, that it being shown that the agent was accessible at the time of the trial, and want of his consent not being in proof, he should have been produced by the State to negative, if he could, the statement of the accused. See the opinion *in extenso*.

APPEAL from the District Court of Harrison. Tried below before the Hon. A. J. BOOTY.

The indictment charged theft of goods from a store house, of the aggregate value of fifty-four dollars. The

trial resulted in the conviction of the defendant, and the verdict assessed his punishment at two years in the penitentiary.

*James Turner*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

Winkler, J.   The record discloses that the appellant was tried on a charge of theft of property belonging to two persons composing a mercantile firm in the city of Marshall.   One member of the firm testified to his want of consent to the taking, and that the other member was absent in the city of New York at the time of the alleged theft.   He further testified that there were two young men clerking in the store at the time of the theft; that the one hereafter alluded to was in the store at the time of the trial.   He further testified that he got the goods from Mr. Arch. Adams, a policeman.

Arch. Adams, a policeman, testified that the defendant, while under arrest, said the goods were at the house of his (the defendant's) mother, where the witness found them.   He testified on cross-examination that the defendant first denied knowing anything about the goods, but he, the witness, took the defendant out into the back yard of the office, and told him it was best to tell all about it; he would not be hurt.   The witness then says: "He then told me he did not steal the goods, but that Herman Forgotston gave them to him on services rendered."

Herman Forgotston seems to be one of the clerks employed in the store, and the defendant was employed as porter at the time of the alleged theft.

It is shown that Herman Forgotston was accessible at the time of the trial, and it is not proved that he did not consent to the taking.   Under the circumstances, the State should have called him to testify as to whether or not he had given his consent to the taking; or in other words,

to evidence, if he could, the falsity of the defendant's statement as to how he became possessed of them.   The point was sufficiently reserved on the trial below.

Because of this error the judgment will be reversed and a new trial awarded.

*Reversed and remanded.*